UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JON IRBY, ) | Case No. C07-337-RSM-JPD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| SKAGIT COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Terrance Jon Irby is an inmate at the Skagit County Jail in Mount Vernon, Washington. Appearing *pro se*, he recently filed an application to proceed *in forma pauperis* and a proposed civil rights complaint against Skagit County and several of its law enforcement officials. Dkt. No. 1. Plaintiff's complaint appears to allege that these defendants destroyed, failed to preserve, and failed to properly test exculpatory crime scene evidence, the consequence of which led to plaintiff's state court conviction.

Although plaintiff does not expressly pray for release,[1] it is clear that he is challenging the *validity*, not the *conditions*, of his confinement. As such, plaintiff's complaint is barred by United States Supreme Court precedent. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (holding that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed,

---

[1] Plaintiff's complaint seeks money damages in the amount of twenty million dollars.

REPORT AND RECOMMENDATION
PAGE - 1

expunged, invalidated, or impugned by the grant of a writ of habeas corpus.").

Specifically, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

In the instant case, plaintiff continues to be in custody, and it is apparent that he has not succeeded in satisfying *Heck*'s requirement of invalidating his sentence. Indeed, that appears to be precisely the relief he seeks here. Plaintiff's action, if successful, would necessarily imply the invalidity of his conviction. For that reason, his remedy lies in a habeas corpus petition, not a § 1983 complaint. *See Butterfield*, 120 F.3d at 1024. To date, plaintiff has presented no evidence of his successful pursuit of a habeas writ. Accordingly, the present § 1983 complaint may not proceed, and the Court recommends that it be DISMISSED without prejudice.[2] Furthermore, plaintiff's application to proceed *in forma pauperis* should be DENIED as MOOT. A proposed Order accompanies this Report and Recommendation.

DATED this 24th day of May, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[2] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiency would be futile, the Court need not provide plaintiff with an opportunity to amend prior to dismissal. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

REPORT AND RECOMMENDATION
PAGE - 2